UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MID-AMERICA MGMT. CORPORATION as M/A for Carlton Court Holdings, LLC, <br><br>  Plaintiff, <br><br>  v. <br><br> ANDREA ROBERTS Any and all other occupants, <br> QUANTAVIOUS BROWN Any and all other occupants, <br><br>  Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 1:23-cv-00343-JPH-TAB <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER TO SHOW CAUSE**

Defendants Andrea Roberts and Quantavious Brown removed this case from Marion County Small Claims Court. Dkt. 1. Because it does not appear that the Court has jurisdiction over this suit, Defendants shall have **until April 3, 2023** to **show cause** why the case should not be remanded for lack of subject-matter jurisdiction.

Federal courts are of limited jurisdiction, so "district courts may not exercise jurisdiction absent a statutory basis." *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). Congress granted federal courts a statutory basis for jurisdiction primarily over two types of cases: cases "arising under" federal law, 28 U.S.C. § 1331, and cases where the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties. 28 U.S.C. § 1332(a). "These jurisdictional grants are known as

1

'federal-question jurisdiction' and 'diversity jurisdiction,' respectively." *Home Depot*, 139 S. Ct. at 1746.

Defendants state that the Court has federal question jurisdiction because "the case involves 42 U.S.C. § 1983 violations under the first, fourth, and fifth amendments of the Bill of Rights by Public Agents." *Id.* at 1. They also allege that "the Federal District Court has diversity jurisdiction" and the "subject property in controversy exceeds the minimum amount required" but do not include any factual allegations to support either finding. *Id.*

When a case is removed to federal court, however, jurisdiction is determined "by looking at the complaint *as it existed at the time the petition for removal was filed*." *United Farm Bureau Mut. Ins. Co. v. Metropolitan Human Relations Comm'n*, 24 F.3d 1008, 1014 (7th Cir. 1994). "[F]ederal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Centers Inc.*, 577 F.3d 752 (7th Cir. 2009). Moreover, "a potential federal defense is not enough to create federal jurisdiction under § 1331." *Chicago Tribune Co. v. Bd. of Trustees of Uni. of Ill.*, 680 F.3d 1001, 1003 (7th Cir. 2012) (citing *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677 (2006)). If at any time the court lacks subject-matter jurisdiction, "the case shall be remanded." 28 U.S.C. § 1447(c).

Here, Defendants included a copy of the operative complaint with their notice of removal. *See* 42 U.S.C. § 1446; S.D. Ind. L. R. 81-2(d). The "complaint" is a "Notice of Claim for Possession of Real Estate and Summons"

filed in Marion County Small Claims Court alleging that Defendants (1) "unlawfully hold[] over and retain[]" an apartment from Plaintiff Mid-America Management Corporation and (2) that they owe Mid-America $1,540.20 plus other possible damages, attorneys fees, and court costs. Dkt. 1-3 (*Mid-America Mgmt. Corp. v. Andrea Roberts et al.*, 49K05-2301-EV-000214). Based on the complaint it does not appear that the Court has federal question or diversity jurisdiction over this lawsuit.

With respect to federal question jurisdiction, the complaint does not allege any violation of federal law or the federal constitution. *See* dkt. 1-3; 28 U.S.C. § 1331. While Defendants argue that the proceedings related to the apartment violate their civil rights, *see* dkt. 1 at 1, the fact that a defendant may raise "a potential federal defense" in response to a plaintiff's state law complaint "is not enough to create federal jurisdiction under § 1331." *Chicago Tribune*, 680 F.3d at 1003.

With respect to diversity jurisdiction, the information in the complaint is insufficient to establish diverse citizenship or the proper amount in controversy. 28 U.S.C. § 1332. The complaint indicates that Plaintiff is a corporation with an office in Indiana, dkt. 1 (caption), but does not include any other information relevant to a jurisdictional analysis. *see Dalton v. Teva North America*, 891 F.3d 687, 690 (7th Cir. 2018) ("what matters for the citizenship of a corporation is its state of incorporation and its principal place of business"). The complaint also indicates that Defendants live at an apartment in Indianapolis, dkt. 1 (caption), but "an individual's citizenship" for diversity

purposes "corresponds to the place where the individual is domiciled," *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992), that is "the place one intends to remain." *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). Finally, the complaint alleges that Defendants owe $1,540.20 and other costs associated with the lease and lawsuit. Dkt. 1. Thus, the likelihood that the suit will ever exceed the required amount in controversy limit is remote. 28 U.S.C. § 1332(a).

For all these reasons, it does not appear that this Court can exercise subject-matter jurisdiction over this lawsuit and the case should likely be remanded to state court. 28 U.S.C. § 1447(c) (if at any time the court lacks subject-matter jurisdiction, "the case shall be remanded.").

Because the "party seeking removal has the burden of establishing federal jurisdiction," *Schur*, 577 F.3d at 758, Defendants shall have **until April 3, 2023**, to show cause why this case should not be dismissed to lack of subject-matter jurisdiction. If Defendants fail to respond by that date or fail to cure the defects identified in this order, the case will be remanded to state court.

**SO ORDERED.**

Date: 3/2/2023

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ANDREA ROBERTS
8210 Township Lane
Apt. C
Indianapolis, IN 46268

QUANTAVIOUS BROWN
8210 Township Lane
Apt. C
Indianapolis, IN 46268

Cynthia L. Ball
LANDMAN BEATTY LAWYERS, LLP
clball@landmanbeatty.com

James D Bryan
LANDMAN BEATTY LAWYERS, LLP
9100 Keystone Crossing
Suite 870
P.O. Box 40960
Indianapolis, IN 46240

Donald W. DeBone
LANDMAN BEATTY, LAWYERS, LLP
9100 Keystone Crossing
Suite 870
P.O. Box 40969
Indianapolis, IN 46240

Rachel L. Elmore
LANDMAN BEATTY, LAWYERS, LLP
9100 Keystone Crossing
Suite 870
P.O. Box 40960
Indianapolis, IN 46240

Philip Katich
LANDMAN BEATTY, LAWYERS, LLP
9100 Keystone Crossing
Suite 870
P.O. Box 40960
Indianapolis, IN 46240-0960

Emma L. Kooy
LANDMAN BEATTY, LAWYERS, LLP
9100 Keystone Crossing
Suite 870
P.O. Box 40960
Indianapolis, IN 46240-0960

Kathryn M Merritt-Thrasher
Landman Beatty, Lawyers, LLP

kmerritt-thrasher@landmanbeatty.com

Amy C. Sexton
LANDMAN BEATTY, LAWYERS, LLP
9100 Keystone Crossing
Suite 870
P.O. Box 40960
Indianapolis, IN 46240-0960

William David Suess
LANDMAN BEATTY LAWYERS
9100 Keystone Corssing
Ste 870
Indianapolis, IN 46240

Stephen F. Woods
LANDMAN BEATTY, LAWYERS, LLP
9100 Keystone Crossing
Suite 870
P.O. Box 40960
Indianapolis, IN 46240-0960